GREENOLDS (JONES v.). See Case No. 7,-464.

# Case No. 5,784.

## GREENOUGH v. CLARK.

[1 MacA. Pat. Cas. 173.]

Circuit Court, District of Columbia. March, 1853.

PATENTS—DECISION OF COMMISSIONER—TIME FOR APPEAL—MOTION FOR REHEARING.

[1. The reasons of appeal must be filed within the time fixed by the commissioner, otherwise the right of appeal is lost; and the time is not enlarged merely by the pendency of a motion for a rehearing, without any order extending such time.]

[2. The filing of the reasons of appeal is essentially the appeal itself. The judge can judicially know nothing of the case until the aggrieved party presents to him his petition for revision on appeal, and this the latter is not authorized to do until after an adverse decision, after he has notified the commissioner of his appeal, and after his reasons of appeal are filed.]

Appeal from decision of commissioner of patents in interference.

[Appeal of John J. Greenough from a decision in interference by the commissioner in favor of Terence Clark.]

MORSELL, Circuit Judge. On the day and place appointed for the trial of this case, the parties appeared by their respective counsel, and Mr. Baldwin, an examiner at the patent office, with the models and drawings, the evidence, and all the papers relating to said case, with the decision of the commissioner, the reasons of appeal, and the commissioner's report. Previously to entering upon the investigation of the merits of the matter in controversy, the counsel for the appellee objected to the jurisdiction of the judge, and moved to dismiss the appeal, upon the ground that the appeal was not taken and the reasons of appeal filed within the time limited by the commissioner. With respect to which the facts were: On the 19th of January, 1850, notice was given to the appellant by the commissioner that an interference was supposed to exist between his application and a caveat theretofore filed in the secret archives at the instance of the appellee, Terence Clark. On the 18th of April, 1850, the caveator filed his application for a patent. On the 27th of April, 1850, an interference was declared between the two applications, and notice of a day of hearing was given to the parties. The hearing was postponed from time to time until the first Monday in November, 1850. On the 14th of November, 1850, the commissioner decided the question between the parties. He says: "Upon examination of the testimony adduced in this case, it is hereby decided that Terence Clark is the first inventor, and as such entitled to a patent." Notice of this decision was given to the parties, together with notice that if no appeal was taken on or before the third Monday in December then next a patent would issue to Clark. On the 11th of December, 1850, and within the time fixed for issuing of the patent to Clark, Greenough made application to the commissioner in the nature of a petition for a rehearing. This application was pending and undecided until the 26th day of December, 1850. No new limit appears to have been expressly assigned, but the request was refused by letter of the 26th, same day as above stated. On the 15th of September, 1851, before the patent had issued, Greenough filed with the commission his appeal to the chief judge of the circuit court of the District of Columbia. On the 8th of June, 1852, letters-patent were issued to Clark, at which time no reasons of appeal were filed. In addition to the oral remarks that were made at the time when the motion was made in this case by the counsel for the respective parties they have since furnished me with their written arguments, embracing all that was before urged, giving fuller and more comprehensive views on the subject. The order is—first, by

the counsel in support of the jurisdiction; and secondly, by the answer of the opposing counsel. I will briefly state the substance of each: It is said that it is a proceeding which concerns nobody but Greenough, and cannot affect the validity of any existing patent. Judge Cranch's decision in the case of Pomeroy v. Connison [Case No. 11,259]. The decision of the same judge is referred to in the case of In re Janney [Id. 7,209], on the point of limitation of time to appeal and the practice of the office.

The reply is an argument upon the construction of those parts of the acts of July 4, 1836 [5 Stat. 117] and 1839 [5 Stat. 353], which give the right of appeal from the decision of the commissioner, and contends that there are three classes of cases intended to be provided for—the first, under the seventh section of the act of 1836, where the applicant persists in his claim for a patent, and it is again rejected; second, where the application interferes with any other patent for which an application may be pending, or with any unexpired patent which shall have been granted; this is under the eighth section of the act of July 4th, 1836; third, in cases where a caveat has been filed and application is made within a year by some other person, which appears to interfere with the caveator's invention. Although, it is contended, there be no express limit of time within which the appeal is to be made under the act of 1836, it is implied that it must be made within a reasonable time. The act of the 3d of March, 1839, section 11, remedies this defect by expressly providing a limit. Further, the limitation of time which the commissioner is authorized to make is not confined solely to the filing of the reasons of appeal, because, first, that would not accomplish the object to be obtained by the law; second, the appeal might go on at any time, without any reason being filed at all, for aught that appears in the acts of congress. The eleventh section of the act of 1839 first introduces the terms "reasons of appeal," and this in the case of interfering applications. The correct grammatical construction of this section requires the interpretation that the limit is to the appeal as well as to the time the reasons are to be filed. The copulative conjunction "and" connects both clauses. If Clark is no party, then there is no appeal. The acts of congress in no case of interference contemplate an appeal without expressly providing for it. The continuance of the motion for a rehearing is no excuse for not filing reasons in time. It is not analogous to a motion for a new trial in a court of common law. The commissioner had no authority to grant a rehearing after having once decided the case. Clark had no notice of it. The appeal, with the reasons, was not filed until after another expiration of forty days. The decision in the case of Pomeroy v. Connison [supra] is argued to be inapplicable, because the party appealing, against whom the commissioner had decided, was a patentee, in which case the judge had no jurisdiction, and of whom the judge says a remedy may be had in another forum. As to Janney's Case [supra], the judge refused to entertain jurisdiction. It was not a case of interference. The question is, whether the right to appeal was not lost by the failure of John J. Greenough to notify the commissioner of his appeal in this case, and to file his reasons of appeal on or before the 26th day of December, 1850, the time limited by the commissioner.

All the conditions mentioned in the act of the 3d of March (section 11), in the cases of interference, must be complied with as prerequisites before the judge can take jurisdiction by way of appeal from the decision of the commissioner refusing to grant a patent to the applicant. The jurisdiction which he can take is a very special, limited jurisdiction, and all the previous circumstances must exist under which it is given before it can attach; and no other power or authority can be exercised except that which is either expressly given or which can be fairly inferred. The words of the statute are "that in all cases where an appeal is now allowed by law from the decision of the commissioner of patents to the board of examiners provided for in the seventh section of the act to which this is additional, the party, instead thereof, shall have a right to appeal to the chief justice of the district court of the United States for the District of Columbia, by giving notice thereof to the commissioner, and filing in the office of patents, within such time as the commissioner shall appoint, his reasons of appeal, specifically set forth in writing, and also paying into the patent office, to the credit of the patent fund, the sum of twenty-five dollars; and it shall be the duty of said chief justice, on petition, to hear and determine all such appeals, and to revise such decisions in a summary way, on the evidence produced before the commissioner, at such early and convenient time as he may appoint, first notifying the commissioner of the time and place of hearing, whose duty it shall be to give notice thereof to all parties who appear to be interested therein, in such manner as said judge shall prescribe. The commissioner shall also lay before the said judge all the original papers and evidence in the case, together with the grounds of his decision, fully set forth in writing, touching all the points involved by the reasons of appeal, to which the revision shall be confined." From a careful examination of the provisions of this statute, I am satisfied that the filing the reasons of appeal must be considered as essentially the appeal itself; that the judge can judicially know nothing of the case until the party aggrieved presents to him his petition for a revision on appeal. This the law does not authorize the party to do until after the decision of the case by the commissioner against him, after he has notified the commissioner of his appeal and

after his reasons of appeal are filed. On receiving notice from the party of his intention to appeal, it becomes the duty of the commissioner to fix a reasonable time for filing the reasons, and to him that duty is exclusively intrusted; within this time all further action of the commissioner as to granting a patent is to be suspended, and within this time also the reasons must be filed, unless, for good cause shown to him, he directs the time to be enlarged. I think the power to enlarge the time and rehear the case remains with the commissioner until not only the patent issues, but until it is actually delivered; after which his power over the case is exhausted. I think, therefore, he had a right to entertain the motion in this case, and might have granted an enlargement of the time and a rehearing; but having refused so to do, and no reasons having been filed within the time limited, and a patent having issued, the right of appeal was lost. Believing, therefore, that I have no jurisdiction in this case, the appeal must be, and is hereby, dismissed. All the papers and models are herewith returned.